MICHELE BECKWITH
Acting United States Attorney
DAVID W. SPENCER
HADDY ABOUZEID
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN CHAVARRIA,<br><br>Defendant. | CASE NO. 2:19-CR-0231-05 WBS<br><br>STIPULATION AND ORDER COMMITTING DEFENDANT TO THE CUSTODY OF THE ATTORNEY GENERAL FOR PSYCHIATRIC TREATMENT PURSUANT TO 18 U.S.C. § 4241(d) |

**STIPULATION**

Plaintiff, United States of America, by and through its counsel of record, and defendant, Juan Chavarria, by and through his counsel of record, hereby stipulate as follows:

1. On June 19, 2023, Doctor of Psychology Josiah Doman concluded in a Competency Evaluation Report that defendant Chavarria was not competent to stand trial in his pending attempted murder case, No. STK-CR-FE-2022-0006287. As a result of this evaluation, Chavarria was ultimately declared incompetent to stand trial and he was committed to the care of the Porterville Developmental Center ("PDC").

2. On January 11, 2024, Doctor of Psychology Rachel Fager assessed Chavarria at PDC and determined that he was competent to stand trial. Dr. Fager concluded that Chavarria demonstrated a clear and rational understanding of the criminal proceedings and possessed the ability to actively engage in his defense. Dr. Fager concluded that "Chavarria's inconsistencies

in his cognitive abilities" were "highly indicative of malingering, possibly in attempt to avoid adjudication in his legal proceedings."

3. On February 21, 2024, Doctor of Psychology Josiah Doman concluded in another Competency Evaluation Report that defendant Chavarria was not competent to stand trial. Dr. Doman noted some suspicion that Chavarria was exaggerating symptoms for personal gain, but ultimately concluded that Chavarria did not appear to be malingering at the time.

4. On February 7, 2025, Doctor of Psychology Alexander Fernandez, Staff Psychologist at the Porterville Developmental Center, submitted a report to the state court concluding that defendant Chavarria remained incompetent to stand trial and that there was "no substantial likelihood of restoration to competence in the foreseeable future." The parties will separately submit this report, which also contains a summary of the prior evaluations described above, for filing under seal.

5. Based on that report, on or about April 1, 2025, the Superior Court Judge ordered Chavarria released from custody in his state attempted murder case. Chavarria was then transferred to federal custody based on a warrant stemming from the Pretrial Violation petition filed on July 25, 2022 (ECF 228).

6. On April 4, 2025, Chavarria appeared before the Honorable Carolyn K. Delaney, Chief U.S. Magistrate Judge. Judge Delaney revoked Chavarria's pretrial release and ordered him detained. *See* ECF 370 (minutes), ECF 372 (detention order).

7. Based on the February 7, 2025 report of Dr. Fernandez (filed under seal), both parties agree that, based upon a preponderance of the evidence, defendant Chavarria is presently "suffering from a mental disease or defect rendering him incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).

8. Both parties further agree that, pursuant to 18 U.S.C. § 4241(d)(1), defendant Chavarria should be committed to the custody of the Attorney General forthwith for treatment in a suitable medical facility for such a reasonable period of time, not to exceed four months, as is

necessary to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward.

9. The parties further agree that the April 11, 2025 status conference and the May 6, 2025 trial date should be vacated as to defendant Chavarria. If any of Chavarria's co-defendants proceed to trial before the Court has determined that defendant Chavarria's mental condition is so improved that his trial may proceed, the parties stipulate and agree, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, that defendant Chavarria's trial should be severed from his co-defendants' trial based on manifest injustice that would occur should he be forced to proceed to trial on the scheduled date. If any of Chavarria's co-defendants remain set for trial after the Court has determined that defendant Chavarria's mental condition is so improved that his trial may proceed, Chavarria will remain joined for trial with that co-defendant(s). (To be clear, counsel for Chavarria cannot and is not representing that he will necessarily be ready for trial on the date set for any remaining co-defendant(s), since it is uncertain when Chavarria's mental condition may be so improved that his trial may proceed. If and when that occurs, counsel will need additional time to consult with Chavarria and prepare for trial. The parties will address the timing of trial with the Court at that time.)

10. Both parties request an exclusion of time from the date of this order until such time as the Court determines that the defendant's mental condition is so improved that the trial may proceed, pursuant to 18 U.S.C. § 3161(h)(1)(A), (h)(4), (h)(7)(A), (h)(7)(B)(iv), and Local Codes A, N, and T4, and upon the need for competency restoration, and defense preparation, and the Court's finding that the end of justice served by granting such continuance outweigh the best interests in the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated: April 9, 2025                        MICHELE BECKWITH
                                            Acting United States Attorney

                                            /s/ DAVID W. SPENCER

STIPULATION AND ORDER RE: COMPETENCY
EVALUATION, SEVERANCE, AND TO EXCLUDE TIME

3

|  |  |
|---|---|
|  | DAVID W. SPENCER |
|  | Assistant United States Attorney |

Dated: April 9, 2025            */s/ Clemente Jimenez*
                                                CLEMENTE JIMENEZ
                                                Law Office of Clemente M. Jimenez
                                                *Attorney for defendant Juan Chavarria*

## FINDINGS AND ORDER

Having reviewed the parties' stipulation, and for good cause shown, the Court approves the stipulation, makes the requested findings, and orders that:

1. The defendant Juan Chavarria is committed to the custody of the Attorney General for treatment in a suitable facility for such a reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that the defendant will attain capacity to permit the proceedings to go forward.

2. The United States Marshal is hereby directed to deliver custody of the defendant to the Attorney General forthwith for such treatment.

3. Upon completion of the evaluation of the defendant, the director of such facility shall submit a report regarding the defendant's competency to counsel and the Court.

4. The April 11, 2025 status conference and the May 6, 2025 trial date are vacated as to defendant Chavarria.

5. Time is excluded under the Speedy Trial Act from the date of this order until such time as the Court determines that defendant Chavarria is mentally competent to stand trial or, if competency restoration is necessary, until such time as the Court determines that the defendant's mental condition is so improved that the trial may proceed, pursuant to 18 U.S.C. § 3161(h)(1)(A), (h)(4), (h)(7)(A), (h)(7)(B)(iv), and Local Codes A, N, and T4, and upon the need for defense preparation, and the Court's finding that the end of justice served by granting such continuance outweigh the best interests in the public and the defendant in a speedy trial.

IT IS SO FOUND AND ORDERED.

Dated:  April 10, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE